UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| DANIEL H. JONES, #443638, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:11-cv-302 |
| | ) | *Greer/Inman* |
| DAVID A. SEXTON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

State prisoner Daniel H. Jones brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2008 Sullivan County, Tennessee conviction for the possession of .5 grams of cocaine with the intent to sell, entered pursuant to a jury verdict, [Doc. 2]. Now before the Court are respondent's answer to the petition, [Doc. 16], copies of the state court record, [Doc. 17, Addenda 1 - 2], and petitioner's reply to the answer, [Doc. 18]. Thus, the case is ripe for disposition. For the reasons which follow, the petition will be **DENIED**.

**I. Standard of Review**

A state criminal defendant may obtain federal habeas relief if he can demonstrate that he is in custody pursuant to the judgment of a state court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. Under Rule 8 of the Rules Governing Section 2254 Proceedings in the United States District Courts, a court is to determine, after a review of the entire record whether an evidentiary hearing is required. If a hearing is not required, the district judge may dispose of the case as justice dictates. After carefully reviewing the entire record, the Court finds it unnecessary to hold an evidentiary hearing and, thus, will decide this case on the pleadings and the record.

## II. Factual and Procedural Background

The facts as presented by respondent in his answer are undisputed and were taken from the Tennessee Court of Criminal Appeals' decision on direct review of petitioner's conviction. *See State v. Jones*, No. E2010-00016-CCA-R3-CD, 2011 WL 2347711, *1-*3 (Tenn. Crim. App. June 6, 2011).

On October 20, 2005, officers executing a search warrant for a residence in Kingsport, Tennessee, found petitioner standing in the doorway of a bedroom located immediately to the right of the front door. When the bedroom was searched, the officers found a Tic Tac box containing over twenty-five rocks of crack cocaine under the mattress of the bed, a small bottle containing one rock of crack cocaine under the mattress, and a tin in the pocket of a shirt in a closet containing three or four rocks of crack cocaine. A plastic baggie containing crack cocaine was discovered in the bathroom. As a result of these discoveries, petitioner and four other individuals were arrested and taken to the police station. There, petitioner gave a statement, explaining that he visited the residence on a daily basis, but denying that he either smoked or sold crack cocaine. Despite the denial, petitioner was charged with the crack cocaine offense.

At trial, a witness (one of the five persons arrested at the residence) testified that the bottle containing one gram of crack cocaine found in the bedroom belonged to her and that petitioner had supplied her with the crack from a Tic Tac box, which he kept in his pants pocket. The witness further testified that, when the officers arrived at the door, petitioner placed the Tic Tac box under the mattress. The witness additionally stated that, about two weeks prior to the search, she had seen petitioner with a Tic Tac box with cocaine in it and had seen him sell the cocaine contained in the Tic Tac box in exchange for money.

One of the officers involved in the search also testified that the number of the rocks of crack cocaine contained in the Tic Tac box was more than a typical user would have in his possession.

A second individual arrested following the search testified that he had bought the rock of crack cocaine contained in the plastic baggie located in the bathroom from petitioner and that petitioner frequently kept his crack cocaine in a Tic Tac box. This witness stated that he had never seen petitioner actually use crack cocaine.

On this and other evidence, petitioner was convicted as charged and received an eleven-year prison sentence. He was unsuccessful in his direct review proceedings. *State v. Jones*, 2011 WL 2347711, *perm. app. den.*, (Tenn. 2011).

### III. Discussion

Petitioner alleges, as his sole ground for habeas corpus relief, that he was denied a full and fair trial, equal protection, and due process of law when evidence of prior bad acts were admitted to corroborate coerced testimony by witnesses. Respondent maintains, in his answer, that this ground for relief was not exhausted properly in the state courts and that, due to the absence of any available state court remedies, the claim has been procedurally defaulted.

Under 28 U.S.C. § 2254(b)(1), a state prisoner's petition for a writ of habeas corpus will not be granted unless he has exhausted his available state court remedies, and he does so by "fairly presenting" the substance of each of his federal constitutional claims to the state courts for disposition. *See Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). Claims offered to state courts in reliance solely on state law have not been fairly presented. *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004). Thus, a claim must be offered on a constitutional basis—not merely as one arising under state law. *See Duncan v. Henry*, 513 U.S. 364, 365-366 (1995) ("If state courts are

3

to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."); *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001) (merely raising a claim under state law does not satisfy the exhaustion requirement); *see also Casella v. Clemons*, 207 F.3d 18, 21 (1st Cir. 2000) (To give the state courts a fair opportunity to pass on a constitutional claim, "[t]he trappings of a federal claim must be likely to put a reasonable jurist on notice of the claim.").

A prisoner who has failed to present a federal claim in the state courts, and who is now barred by a state procedural rule from returning with his claim to those courts, has committed a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *Pudelski v. Wilson*, 476 F.3d 594, 605 (6th Cir. 2009). Federal review of a procedurally defaulted claim is foreclosed, unless the habeas petitioner can show cause to excuse his failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation. *Coleman,* 501 U.S. at 732.

Respondent contends that this issue has been procedurally defaulted because, although it was raised before the Court of Criminal Appeals, it was not raised as a federal constitutional violation but only as a claim based on state law. Petitioner denies, in his response, that he committed a procedural default, but his arguments do not actually address the particular default asserted by respondent, i.e., failure to present a claim to the state court as a constitutional matter.

The Court has reviewed petitioner's state court pleadings, (Addendum 2, Docs. 1, 4). In petitioner's brief on appeal to the Tennessee Court of Criminal Appeals, he argued that, under Rule 404(b) of the Tennessee Rules of Evidence, the inclusion of the prior bad acts evidence was more prejudicial than probative and that, for this reason, the evidence should have been ruled inadmissible, (*Id*., Doc.1). Moreover, petitioner did not suggest that the evidentiary ruling he was

4

challenging was not only a violation of state law, but denied him the due process and equal protection of law guaranteed by the Fourteenth Amendment. The same holds true with respect to petitioner's brief supporting his application for permission to appeal to the Tennessee Supreme Court, (*Id.*, Doc. 4). Clearly, petitioner failed to raise the claim in the state courts as a constitutional violation and may not do so now, absent a showing of cause and prejudice. Here, nothing of the sort has been established, much less alleged, and federal review has been foreclosed by petitioner's procedural default.

## IV. Conclusion

Based on the above reasoning, the petition will be **DENIED** and the case **DISMISSED**.

## V. Certificate of Appealability

One final matter remains for discussion: whether to issue a certificate of appealability (COA) should petitioner file a notice of appeal. *See* 28 U.S.C. § 2253(c)(1). Petitioner qualifies for issuance of a COA if he has made a substantial showing of the denial of a constitutional right; he makes such a showing by demonstrating that reasonable jurists might question the correctness of the Court's procedural ruling. *See Slack v. McDaniel,* 529 U.S. 473 (2000). The Court has found that his claim was procedurally defaulted and that he had failed to make a showing of cause and prejudice to overcome this obstacle. The Court now finds that reasonable jurists could not disagree with the resolution of this claim and could not conclude that it is "adequate to deserve encouragement proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). No COA shall issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

A separate order will enter.

5

**ENTER**:

                                                              s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE